IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIEGO SIQUINA MACHIC,

    Petitioner,

v.

STEVE FRANKE,

    Respondent.

Civil No. 2:12-cv-01018-BR

OPINION AND ORDER

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main St.
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On May 29, 2009, judgment was entered against Petitioner in Multnomah County Circuit Court after Petitioner pleaded guilty to two counts of Rape in the First Degree. The trial judge sentenced Petitioner to two concurrent terms of 100 months of imprisonment, followed by a period of post-prison supervision.

Petitioner did not directly appeal the conviction and sentence. Petitioner did seek state post-conviction relief ("PCR"). Petitioner signed his *pro se* PCR petition on March 28, 2011. Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner filed a notice of appeal, but counsel for Petitioner on appeal subsequently filed a motion to voluntarily dismiss the appeal. Petitioner signed the motion to dismiss. The appellate judgment issued on March 14, 2012.

On June 1, 2012, Petitioner signed his *Pro Se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was filed in this Court on June 5, 2012.[1] In it, Petitioner alleges

---

[1] The Court subsequently appointed counsel to represent Petitioner herein.

2 - OPINION AND ORDER -

four claims of ineffective assistance of trial counsel. Respondent argues the Petition should be denied as untimely. In his "Preliminary Briefing on Procedural Default Defense Raised by the State," Petitioner inexplicably does not address the statute of limitations issue; instead, he argues any procedural default should be excused because appellate counsel in the state PCR proceedings "abandoned" Petitioner.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A direct appeal becomes final upon the later of: (1) the expiration of the time for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme court, the conviction is affirmed or the petition for certiorari is denied. *Gonzalez v. Thaler*, 132 S.Ct. 641, 654-55 (2012); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other

3 - OPINION AND ORDER -

collateral review. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Here, the trial judge signed the Judgment of conviction and sentence in Petitioner's criminal case on May 29, 2009.[2] Because Petitioner did not file a direct appeal, the § 2244(d) limitation period began to run 30 days after the judgment. *See* Or. Rev. Stat. § 138.071 (30 days to file appeal from criminal judgment); *see also Gonzalez*, 132 S.Ct. at 656 ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

Petitioner did not sign his *pro se* state PCR petition until March 28, 2011, well more than one year after the judgment became final in his criminal case. Thus, even though a properly filed state PCR proceeding tolls the § 2244(d) limitation period, because the limitation period expired before the PCR proceeding commenced, the PCR proceedings did not provide any tolling benefit. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) (even though a petitioner may exercise diligence in properly and timely filing his state PCR petition, if he does this after the

---

[2] Respondent asserts the judgment became final on June 1, 2009. Upon review of Respondent's Exhibit 101, it is unclear upon what basis Respondent makes this assertion. In any event, as the discussion below indicates, the two-day discrepancy does not alter the outcome.

4 - OPINION AND ORDER -

federal limitations period has expired, the two-year state PCR limitations period neither tolls nor extends the time to file under § 2244(d)), *cert. denied* 540 U.S. 924 (2003). As such, Petitioner's federal habeas petition is untimely.

A finding that the petition was not timely filed does not end the inquiry. The United States Supreme Court held that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted); *Holland*, 130 S.Ct. at 2563. A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. *Ramirez*, 571 F.3d at 997; *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 549 U.S. 1317 (2007).

Petitioner does not present any evidence supporting an argument that the limitation period should be equitably tolled in his case. Indeed, as noted, Petitioner argues only that any procedural default should be excused based upon the abandonment of

5 - OPINION AND ORDER -

his appeal by counsel in the PCR proceedings. Because the limitation period ran prior to the initiation of the state PCR proceedings, however, the Court does not address whether such "abandonment" would ever justify equitable tolling.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and DISMISSES this action. Further, the Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 1st day of November, 2013.

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER -